# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 2, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| RONALD MALINSKI, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 20-1156V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for Petitioner.
Mollie D. Gorney, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 12, 2021, Ronald Malinski ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 25). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$17,944.85**.

I.  **Procedural History**

On September 8, 2020, petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). Petitioner alleges that as a result of receiving an influenza vaccine, he suffered from transverse myelitis. Stipulation ¶ 4. On June 8, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 20).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 12, 2021, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $17,944.85, representing $15,813.50 in attorneys' fees and $2,131.35 in costs. Fees App. at 2. Pursuant to General Order No. 9, Petitioner warrants he did not personally incur costs in pursuit of his claim. *Id.* Respondent filed his response on August 12, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 26). Petitioner did not file a reply to Respondent's response.

The matter is now ripe for adjudication.

II.   **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a.   **Attorneys' Fees**

Petitioner requests the following rates for the work of his counsel, Ms. Leigh Finfer: $200.00 per hour for work performed in 2020 and $225.00 per hour for work performed in 2021. These rates are consistent with what Ms. Finfer has previously been awarded for her Vaccine Program work, and I find them reasonable for work performed in the instant case as well.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$15,813.50**.

   b.   **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $2,131.35. This amount is comprised of acquiring medical records, postage, and the Court's filing fee. Fees App. at 16. All of these costs are typical of Vaccine Program litigation, are reasonable in my experience, and have been supported by


Petitioner with adequate documentation. Accordingly, Petitioner is awarded the full amount of costs requested.

### III. Conclusion

**Accordingly, I award a lump sum in the amount of $17,944.85, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Ms. Leigh Finfer.**[3]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).